UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| IRA LEON CALVIN, on behalf of himself, as a surviving spouse of Lola M. Calvin, deceased, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-04029-NKL |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs Ira Calvin, Lari Stuckey, Lisa Porter, and Lanet Bittle, the surviving spouse and children of Lola Calvin, filed this wrongful death lawsuit pursuant to RSMo. § 537.080 and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, arising out of the death of Lola Calvin after a motor vehicle accident. The Defendants are the United States of America, Integrity Home Care, Inc., Disabled American Veterans (DAV), and Timothy Dent. Before the Court is DAV's Motion to Dismiss, [Doc. 23]. The Motion is granted in part and denied in part.

**I. Background**

The following facts are taken from Plaintiffs' Amended Complaint, and for purposes of this Motion to Dismiss, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In May 2012, Lola Calvin was a passenger in a motor vehicle driven by Jessie Purvis, an employee of Integrity Home Care. Timothy Dent, an agent and employee of DAV and the United States, was driving a vehicle owned by the United States. Dent was acting within the course and scope of his duties as an employee of DAV and the United States. Plaintiffs allege that Purvis and

1

Dent negligently operated their respective vehicles causing them to collide and that as a result of that collision, Lola Calvin died.

**II.     Discussion**

DAV argues Plaintiffs' claims against it should be dismissed because the Court lacks subject matter jurisdiction over it, or alternatively, because DAV is not a proper party in this case.  First, DAV argues that pursuant to 28 U.S.C. § 1349, this Court lacks subject matter jurisdiction over it because DAV is a congressionally chartered organization of which the United States does not own more than one-half of its capital stock.  Pursuant to 28 U.S.C. § 1349, "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."  However, this statute merely precludes a district court from exercising original jurisdiction over a congressionally chartered entity on the basis that it is congressionally chartered.  It does not prevent a court from exercising jurisdiction altogether. *See* Paul E. Lund, *Federally Chartered Corporations and Federal Jurisdiction*, 36 Fla. St. U. L. Rev. 317, 333-34 (2009).  In this case, the Court has federal question jurisdiction over Plaintiffs' FTCA claims against the United States, and the Court may exercise supplemental jurisdiction over any non-federal claims arising out of the same accident.  *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 1367(a).

Alternatively, DAV argues Plaintiffs' claims against it should be dismissed because pursuant to the FTCA, the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees, and therefore, DAV is not a proper party in this case.  The FTCA "provides that the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees." *Allen v. Veterans Admin.*, 749

2

F.2d 1386 (9th Cir. 1984). "Individual agencies of the United States may not be sued." *Id.* An action against the United States is the only remedy for injuries caused by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(d)(1).

While the United States is the sole party which may be sued for personal injuries arising out of the negligence of its employees, Plaintiffs allege Dent was an employee of *both* the United States *and* DAV – not just the United States. And while individual agencies of the United States may not be sued for personal injuries arising out of the negligence of United States employees, Plaintiffs do not allege that the DAV was an individual agency of the United States. Nor does DAV provide any support – statutory or otherwise – which supports a finding that DAV is an individual agency of the United States.[1] In fact, in response to DAV's Motion to Dismiss, Plaintiffs concede that if DAV is an agency of the United States and that if the United States is answerable for DAV's conduct, then the United States and DAV are "one and the same for purposes of the FTCA claim." [Doc. 26, p. 2]. However, in its Reply, DAV did not admit it was an agency of the United States, despite Plaintiffs' invitation to do so.

The Court acknowledges that after the briefing on DAV's Motion to Dismiss was complete, the United States, on behalf of Nathan Dent, moved for dismissal of the claims against Dent and filed a certification from the Attorney General stating that at the time of the accident,

---

[1] DAV does cite to *Dengler v. Wingett*, 2003 WL 21439220 at * 2 (N.D. Cal. 2003), without explanation of the case's content, for its argument that the United States is the sole party which may be sued in this case. In *Dengler*, the plaintiff alleged that the defendant, a without compensation employee of the Department of Veterans Affairs, refused him the right to ride a shuttle van. The plaintiff also sued Disabled American Veterans. The United States filed a certification that with respect to all allegations made in the complaint, the shuttle driver was acting within the course and scope of his employment for the Department of Veterans Affairs. The district court concluded that the United States was the sole party which may be sued for the shuttle driver's actions because the driver was a "'without compensation employee' of the United States government and defendant [DAV] is an agency of the United States government." *Id.* at *1. This case is not dispositive. First, it is unclear from the district court's order whether, unlike in this case, the plaintiff alleged that the shuttle driver was both an employee of the United States and the DAV instead of just an employee of the United States. Second, while the district court stated that DAV "is an agency of the United States government," the district court did so without citation to any authority. The Court will not conclude that DAV is an independent agency immune from suit for the conduct of its employees without authority supporting that conclusion. The Court has not found such authority nor have the Parties provided any authority.

3

Dent "was acting within the scope of his duties as an employee of the United States Department of Veterans Affairs for purposes of 28 U.S.C. § 2679 . . . ." [Docs. 38-1]. The United States stated that Dent was a "without compensation employee of the Department of Veterans Affairs (VA) and all acts, incidents, or omissions of Dent as alleged in [the] First Amended Complaint arose out of and were within the scope of Dent's duties with the VA." [Doc. 38, p. 4]. Thereafter, Plaintiffs moved to voluntarily dismiss Dent without prejudice based upon the United States' representation, and the Court dismissed the claims against Dent without prejudice. However, this certification does not require dismissal of DAV, and neither the United States, DAV, nor Nathan Dent have argued as such. Under the FTCA,

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . commenced upon such claim in a United States district court shall be deemed an action against the United States . . . , and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). While the Attorney General has certified in this case that Dent was acting within the course and scope of his employment with the Department of Veterans Affairs – a United States agency – this certification does not mention and cannot be interpreted to mean that Dent was not also employed by DAV at the time of the accident. Of note, the United States did not move to dismiss the claims against DAV (for example, because it was an individual agency of the United States).

To be clear, if DAV is an agency of the United States or Dent was not employed by DAV, Plaintiffs' claims against DAV must be dismissed and an FTCA claim against the United States is the sole remedy available to Plaintiffs for Dent's actions. While this outcome may ultimately come to pass, dismissal is not appropriate based on the facts alleged in Plaintiffs' Amended Complaint, which, for the purpose of considering a motion to dismiss, are accepted as

4

true.  *See Ashcroft*, 556 U.S. at 678.  However, Plaintiffs' FTCA claim against DAV – to the extent one exists – is dismissed.  The United States is the sole party which may be sued under the FTCA.  DAV's Motion to Dismiss Plaintiff's state law wrongful death claim is denied at this time.

**III. Conclusion**

For the reasons set forth above, DAV's Motion to Dismiss, [Doc. 23], is granted in part and denied in part.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  August 20, 2015  
Jefferson City, Missouri