**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| IRA LEON CALVIN, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-04029-NKL |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to Mo. Rev. Stat. § 537.095, the parties have asked the Court to approve their settlement agreement in this wrongful death suit [Doc. 69]. For the following reasons, the settlement is approved.

## I. Background

Plaintiffs Ira Calvin, Lari Stuckey, Lisa Porter, and Lanet Bittle brought this suit in February 2015, alleging two counts of wrongful death stemming from a traffic incident that killed Lola Calvin. Plaintiff Ira Calvin was Lola Calvin's spouse. The remaining plaintiffs were her children.

In their Complaint, the Plaintiffs alleged that on May 11, 2012, Lola Calvin was a passenger in a car driven by Jessie Purvis on U.S. Route 63 in Boone County, Missouri. Purvis' vehicle collided with another vehicle on the highway—driven by Timothy Dent—and the resulting accident caused Lola Calvin fatal injuries. According to the Complaint, both Purvis and Dent were operating their cars negligently at the time of the crash.

After exhausting their administrative remedies, the Plaintiffs filed this suit pursuant to Mo. Rev. Stat. § 537.080 and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*., alleging claims against Dent, Dent's employers Defendant United States of America and Defendant Disabled American Veterans (DAV), and Purvis' employer, Defendant Integrity Home Care. On July 15, 2015, the Plaintiffs dismissed their claims against Dent [Doc. 43]. On August 20, the Court granted DAV's motion to dismiss the FTCA claim asserted against it [Doc. 50].

Thereafter, at a settlement conference held by Magistrate Judge Matt J. Whitworth, all remaining parties to this litigation agreed to settle the case [Doc. 66]. This motion for approval of the wrongful death settlement followed.

## II. Discussion

The parties ask the Court to approve a final settlement of ______. Of that total, Integrity Home Care will pay ______, of which ______, or ______, will be directly distributed to Brown Willbrand, P.C. as attorneys' fees. The United States will pay $100,000, of which $25,000, or 25%, will be distributed as attorneys' fees. And DAV will pay ______, of which ______, or ______, will also be distributed as attorneys' fees to Plaintiffs' counsel. The Plaintiffs have agreed to equally share their net settlement proceeds. Likewise, Brown Willbrand will split the attorneys' fees equally with Dowling & Associates, LLC.

The parties have also agreed that Plaintiffs' counsel's litigation costs and expenses—totaling ______—will be subtracted from the settlement figure.

As such, the parties ask the Court to approve their settlement and distribute the settlement funds as follows: ______ each to Ira Calvin, Lanet Bittle, Lisa Porter, and Lari Stuckey;

[redacted] to Plaintiffs' counsel in attorneys' fees; and [redacted] to Plaintiffs' counsel in costs and expenses.

Section 537.095 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Specifically, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. If multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1.

In entering judgment, "[t]he court shall order the claimant: (1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefor to the court." Mo. Rev. Stat. § 537.095.4.

Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiffs attempted to notify all parties having a cause of action arising from Lola Calvin's death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement.

**A. Notice**

As a prerequisite to approval, any settlement under the Missouri wrongful death statute must demonstrate "a diligent attempt to provide notice to all parties having a cause of action." *Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 395 (Mo. Ct. App. 1991). A party has a cause of action if he is "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1).

The Plaintiffs have submitted affidavits stating that "Plaintiffs include the surviving spouse and all of the children of Lola M. Calvin," that "Lola M. Calvin did not have any children that preceded her in death or who have died between May 11, 2012 and today's date," and that, therefore, "Plaintiffs are the sole members of the class of persons entitled to recover damages pursuant to Mo. Rev. Stat. § 537.080." [Doc. 72, p. 1; Doc. 73, p. 1; Doc. 74, p. 1; Doc. 75, p.1].

Having reviewed these affidavits, the Court concludes that no other parties have a cause of action arising out of Lola Calvin's death. It follows, therefore, that the Plaintiffs have satisfied the statutory notice requirement.

**B. Apportionment**

In a wrongful death action, the trial court has discretion in apportioning settlement proceeds. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. Ct. App. 1996). *See also Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court."). After weighing the losses suffered by each party, a court may reasonably exercise this discretion by awarding plaintiffs unequal portions from the settlement fund. *Kavanaugh*, 788 S.W.2d at 246. Conversely, a court may

also determine that two parties merit the same award even in a case where their losses suffered are dissimilar. *Keene*, 788 S.W.2d at 326.

The Plaintiffs have agreed to split evenly the settlement proceeds, and the Court sees no reason to disturb that arrangement. While the losses suffered by Lola Calvin's adult children may not be equal to those suffered by her spouse, it is reasonable for her immediate family members to partake equally in this settlement.

**C. Attorneys' Fees**

Section 537.095.4(2) provides that a court "shall order the claimant . . . [t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiffs and counsel have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement. *Keene*, 788 S.W.2d at 327 ("[T]he clear language of the statute does not authorize an award of attorney's fees as the court deems fair and equitable.") (internal quotations omitted). As such, when considering a request for attorneys' fees in this situation, a court is tasked only to establish that such a contract exists, and if one does, the court must order payment per its terms. *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994).

The parties carry the burden of providing evidence of a fee arrangement contract. *Id*. In support of Plaintiffs' contingency fee agreement between Plaintiffs, Dowling & Associates, and Brown Willbrand, the parties have submitted copies of their agreement attached to each affidavit. [Docs. 72-1, 73-1, 74-1, 75-1]. The agreement states that Plaintiffs will pay attorneys' fees in the amount of "[redacted] of all funds received arising from the death of Lola M. Calvin from any source except funds received from any agency of the federal government including the

Department of Veteran Affairs" and "25% of any settlement or judgment received from any agency of the federal government including the Department of Veteran Affairs after the filing of a petition or complaint in a federal court." [Doc. 72-1, pp. 1-3].

The Court has reviewed these terms and determines that, consistent with the parties' settlement request, Plaintiffs' counsel are entitled 25% of the settlement figure received from the United States and [redacted] of the amount received from DAV and Integrity Home Care.

The Court further determines that a payment of [redacted] in litigation costs and expenses—to be split evenly between counsel—is also appropriate.

**D. Distribution**

By the terms of Section 537.095, a court, in approving a wrongful death settlement, must order the claimant to collect the judgment, deduct expenses and attorneys' fees, distribute the proceeds, and report to the court that these steps have been accomplished. *See* Mo. Rev. Stat. § 537.095.4. The Missouri Supreme Court has made clear that this process must be strictly followed. *Parr v. Parr*, 16 S.W.3d 332, 338-39 (Mo. banc 2000) (modifying the trial court's judgment to conform with Section 537.095's procedures).

In *Parr*, the court first apportioned the settlement proceeds between the decedent's wife and children. It then determined that the decedent's wife, who had suffered the largest economic and non-economic loss from his death, would serve as the claimant for purposes of the distribution process. In doing so, the court authorized the decedent's wife to receive the entire settlement amount. It ordered her, however, to subsequently pay expenses and attorneys' fees from the settlement proceeds, acknowledge satisfaction for the judgment and costs, and distribute the net proceeds to her children as determined by the court. Finally, the court ordered the decedent's wife to file written receipts demonstrating her compliance with the judgment.

The Court will accordingly follow *Parr*'s framework in ordering distribution of the parties' agreed-upon settlement. For the purpose of this proceeding, Ira Calvin, Lola Calvin's husband, shall serve as the claimant. Ira Calvin shall collect the settlement from the Defendants as follows: from Defendant Integrity Home Care, $100,000 from Defendant United States of America, and from Defendant Disabled American Veterans.

From these proceeds, Ira Calvin shall distribute (attorneys' fees) and (costs and expenses) to Plaintiffs' counsel, pursuant to the contingency fee agreement signed by Plaintiffs and their counsel, and acknowledge satisfaction for the judgment and costs. Brown Willbrand and Dowling & Associates shall then split these funds equally.

From the remaining proceeds, Ira Calvin shall distribute each to Lanet Bittle, Lisa Porter, and Lari Stuckey.

## III. Conclusion

For the foregoing reasons, the parties' wrongful death settlement is approved. Defendants shall pay Plaintiff Ira Calvin the settlement sum of , of which is to be paid by Defendant Integrity Home Care, $100,000.00 by Defendant United States of America, and by Defendant Disabled American Veterans. Ira Calvin shall then distribute this settlement fund as follows: to Plaintiffs' counsel, to Plaintiff Lanet Bittle, to Plaintiff Lisa Porter, and to Plaintiff Lari Stuckey. Upon making these payments, Ira Calvin shall file written receipts with the Court demonstrating compliance with this order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 17, 2015
Jefferson City, Missouri